**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DEBORAH FRANK,**

    **Plaintiff,**

v.                                                        Case No:

**VERIZON COMMUNICATIONS, INC.**,

                                                         **DEMAND FOR JURY TRIAL**

    **Defendant.**
_____/

**PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT**

**COMES NOW**, Plaintiff, **DEBORAH FRANK** ("Ms. Frank" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant, **VERIZON COMMUNICATIONS, INC.** ("Defendant"), and in support thereof states as follows:

*Introduction*

1. This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone Equipment, 47 U.S.C. § 227 *et. seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), in attempting to collect such Debt by using an automatic telephone dialing system or automated voice or prerecorded message to call Ms. Frank's Cellular Telephone without Ms. Frank's prior express consent and even after Ms. Frank told Defendant that it had the wrong number

and demanded that Defendant stop calling her Cellular Telephone, which can reasonably be expected to harass Ms. Frank.

## *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the TCPA pursuant to 28 U.S.C. § 1331.

3. Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## *Parties*

4. Plaintiff, Ms. Frank, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5. Further, Ms. Frank is an "alleged debtor" within the meaning of Fla. Stat. § 559.55.

6. Ms. Frank is the "called party" as referenced in the TCPA, 47 U.S.C. § 227 (b) (1) (A) (iii), for all calls placed to cellular telephone number 740-***-1010 ("Ms. Frank's Cellular Telephone").

7. At all times material hereto, Defendant was and is a corporation with its principle place of business in the State of New York and its registered agent, CT Corporation System, located at 1200 South Pine Island Road, Plantation, FL 33324.

### *Statements of Fact*

8. In or around early March of 2019, Ms. Frank began receiving calls on her Cellular Telephone from Defendant.

9. Under information and belief, Defendant found Ms. Frank's Cellular Telephone through skip tracing.

10. In its calls, Defendant asked for a "Michael L. Nielson," in its attempts to a collect an alleged personal debt owed to Defendant ("Debt").

11. Ms. Frank answered one of Defendant's first calls and told Defendant that it had the wrong number, that she did not owe the debt, and demanded Defendant stop calling her Cellular Telephone.

12. Despite Ms. Frank's demand, Defendant continued to place calls to Ms. Frank's Cellular Telephone in attempts to collect the Debt.

13. On or around March 15, 2019, Ms. Frank spoke with Defendant again and told Defendant for the second time to stop calling her Cellular Telephone.

14. Despite Ms. Frank's second demand, on or around March 18, 2019, Defendant called Ms. Frank's Cellular Telephone again in attempts to collect a debt.

15. For the third time, Ms. Frank answered Defendant's call and demanded Defendant stop calling Ms. Frank's Cellular Telephone.

16. The very next day, despite Ms. Frank's third demand, Defendant called Ms. Frank's Cellular Telephone yet again in attempts to collect a debt, despite Ms. Frank's several demands.

17. For the fourth time, Ms. Frank answered Defendant's call and told Defendant that it had the wrong number and demanded that Defendant stop calling her Cellular Telephone.

18. Despite Ms. Frank's demands, Defendant continued to place calls to Ms. Frank's Cellular Telephone in attempts to collect the debt.

19. Defendant has called Ms. Frank's Cellular Telephone at least thirty (30) times during the time period from early March of 2019 to the present date.

20. Defendant called Ms. Frank's Cellular Telephone from several different telephone numbers, including, but not limited to: 614-219-3005.

21. All of Defendant's calls to Ms. Frank's Cellular Telephone were placed in an attempt to collect the Debt.

22. Defendant has harassed Ms. Frank due to the timing and frequency of Defendant's calls.

23. Defendant's continued calls after Ms. Frank informed Defendant that she did not owe the Debt implied that Defendant believed Ms. Frank owed the alleged balance that Defendant was seeking to collect.

24. Defendant did not have Ms. Frank's express consent to call her Cellular Telephone.

### *Count 1: Violation of the Telephone Consumer Protection Act*

25. Ms. Frank re-alleges paragraphs 1-24 and incorporates the same herein by reference.

26. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227 (b) (1) prohibits any person:

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

27. Ms. Frank never provided any consent for Defendant to call Ms. Frank's Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message.

28. This is because Ms. Frank had no prior business relationship with Defendant to provide any prior express consent for Defendant to call Ms. Frank's Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message.

29. Despite never having Ms. Frank's prior express consent to call Ms. Frank's Cellular Telephone by the use of an ATDS or artificial voice or prerecorded message, Defendant called Ms. Frank's Cellular Telephone at least thirty (30) times.

30. Further, Ms. Frank expressly revoked consent to have Defendant call Ms. Frank's Cellular Telephone by the use of an ATDS or artificial voice or prerecorded message in or around early March of 2019 when she expressly told Defendant four times to stop calling her.

31. Ms. Frank also expressly revoked consent to have Defendant call Ms. Frank's Cellular Telephone by the use of an ATDS or artificial voice or prerecorded

message in or around early March of 2019 when she expressly told Defendant that she did not owe the debt that Defendant was attempting to collect.

32. Defendant did not have Ms. Frank's consent to call her Cellular Telephone at any point in time.

33. Ms. Frank never provided Defendant with Ms. Frank's Cellular Telephone number.

34. Defendant did not place any emergency calls to Ms. Frank's Cellular Telephone.

35. Defendant willfully and knowingly placed non-emergency calls to Ms. Frank's Cellular Telephone.

36. Ms. Frank knew that Defendant called Ms. Frank's Cellular Telephone using an ATDS because she heard a pause when she answered at least one of the first few calls from Defendant on her Cellular Telephone before a live representative of Defendant came on the line.

37. Ms. Frank knew that Defendant called Ms. Frank's Cellular Telephone using a prerecorded voice because Defendant left Ms. Frank at least one voicemail using a prerecorded voice.

38. Defendant used an ATDS when it placed at least one call to Ms. Frank's Cellular Telephone.

39. Under information and belief, Defendant used an ATDS when it placed at least ten calls to Ms. Frank's Cellular Telephone.

40. Under information and belief, Defendant used an ATDS when it placed at least twenty calls to Ms. Frank's Cellular Telephone.

41. Under information and belief, Defendant used an ATDS when it placed all calls to Ms. Frank's Cellular Telephone.

42. At least one call that Defendant placed to Ms. Frank's Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

43. At least one call that Defendant placed to Ms. Frank's Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

44. At least one call that Defendant placed to Ms. Frank's Cellular Telephone was made using a telephone dialing system that uses a random number generator.

45. At least one call that Defendant placed to Ms. Frank's Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

46. At least one call that Defendant placed to Ms. Frank's Cellular Telephone was made using a prerecorded voice.

47. Defendant has recorded at least one conversation with Ms. Frank.

48. Defendant has recorded more than one conversation with Ms. Frank.

49. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Ms. Frank, for its financial gain.

50. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Ms. Frank's Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

51. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Ms. Frank, despite individuals like Ms. Frank revoking any consent that Defendant believes it may have to place such calls.

52. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Ms. Frank's Cellular Telephone.

53. Defendant has corporate policies to abuse and harass consumers like Ms. Frank despite having actual knowledge that they are calling the wrong person and that the called person does not wish to be called.

54.

55. Defendant has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

56. Defendant has been sued in federal court where the allegations include: calling an individual using an automated or prerecorded voice after the individual asked for the calls to stop.

57. Defendant's phone calls harmed Ms. Frank by causing her anxiety.

58. Defendant's phone calls harmed Ms. Frank by causing her aggravation.

59. Defendant's phone calls harmed Ms. Frank by being annoying.

60. Defendant's phone calls harmed Ms. Frank by invading her privacy.

61. All conditions precedent to this action have occurred.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by 47 U.S.C. § 227 (b) (3) (B), which allows for $500 in damages for each such violation;

   b. Awarding treble damages pursuant to 47 U.S.C. § 227 (b) (3) (C);

   c. Awarding Plaintiff costs;

   d. Ordering an injunction preventing further wrongful contact by the Defendant; and

   e. Any other and further relief as this Court deems just and equitable.

### *Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")*

62. Ms. Frank re-alleges paragraphs 1-24 and incorporates the same herein by reference.

63. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

   a. Defendant violated Fla. Stat. § 559.72(7) by continuing to place calls to Ms. Frank's Cellular Telephone despite Ms. Frank's demands that Defendant stop calling her Cellular

      Telephone, which can reasonably be expected to harass Ms. Frank.

   b. Defendant violated Fla. Stat. § 559.72(9) by attempting to enforce a debt when Defendant knew that Ms. Frank did not owe the debt.

64. As a result of the above violations of the FCCPA, Ms. Frank has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

65. Defendant's phone calls harmed Ms. Frank by causing her anxiety.

66. Defendant's phone calls harmed Ms. Frank by causing her aggravation.

67. Defendant's phone calls harmed Ms. Frank by being annoying.

68. Defendant's phone calls harmed Ms. Frank by invading her privacy.

69. It has been necessary for Ms. Frank to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

70. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

   a. Awarding statutory damages as provided by Fla. Stat. § 559.77;

   b. Awarding actual damages;

   c. Awarding punitive damages;

   d. Awarding costs and attorneys' fees;

e.  Ordering an injunction preventing further wrongful contact by the Defendant; and

f.  Any other and further relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff, Deborah Frank, demands a trial by jury on all issues so triable.

Respectfully submitted this **April 25, 2019**,

/s/ Michael A. Ziegler
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

/s/ Kaelyn Steinkraus
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff